**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 94-60058
_____

W.H. AVITTS, ET AL.,

Plaintiffs-Appellees,

VERSUS

AMOCO PRODUCTION CO., ET AL,

Defendants,

AMOCO PRODUCTION CO.,

Defendant-Appellant.

*******************************************

LAVERNE LANG, ET AL.,

Plaintiffs-Appellees,

VERSUS

AMOCO PRODUCTION CO., ET AL,

Defendants,

AMOCO PRODUCTION CO.,

Defendant-Appellant.

*******************************************

EDWARD J. LUBOJACKY, ET AL,

Plaintiffs-Appellees,

VERSUS

AMOCO PRODUCTION CO., ET AL,

Defendants,

AMOCO PRODUCTION CO.,

Defendant-Appellant.

```
*****************************************
            VERNON A. SMITH, ET AL,

                                    Plaintiffs-Appellees,

                VERSUS

            AMOCO PRODUCTION CO., ET AL,

                                            Defendants,

                AMOCO PRODUCTION CO.,

                                        Defendant-Appellant.

*****************************************
                TETSU TINDEL,

                                    Plaintiffs-Appellees,

                VERSUS

            AMOCO PRODUCTION CO., ET AL,

                                            Defendants,

                AMOCO PRODUCTION CO.,

                                        Defendant-Appellant.

*****************************************
            O.F. WESTINGHOUSE, ET AL.,

                                    Plaintiffs-Appellees,

                VERSUS

            AMOCO PRODUCTION CO., ET AL,

                                            Defendants,

                AMOCO PRODUCTION CO.,

                                        Defendant-Appellant.

*****************************************
```

JOSEPH E. DURSO, ET AL.,

                                    Plaintiffs-Appellees,

                    VERSUS

        AMOCO PRODUCTION CO., ET AL,

                                        Defendants,

            AMOCO PRODUCTION CO.,

                                    Defendant-Appellant.


        *****************************************

                GERALDINE LOUDEN,

                                        Plaintiffs-Appellees,

                    VERSUS

        AMOCO PRODUCTION CO., ET AL,

                                        Defendants,

            AMOCO PRODUCTION CO.,

                                    Defendant-Appellant.

        *****************************************

                O.L. SURFACE, ET AL.,

                                        Plaintiffs-Appellees,

                    VERSUS

        AMOCO PRODUCTIONS CO., ET AL.,

                                        Defendants,

            AMOCO PRODUCTION CO.,

                                    Defendant-Appellant.


        *********************************************


3

PATTY ANN WALKER,

                                    Plaintiff-Appellee,

                VERSUS

        AMOCO PRODUCTION CO., ET AL.,

                                        Defendants,

            AMOCO PRODUCTION CO.,

                                    Defendant-Appellant.

    *********************************************

            STEVE TOWNSEND, ET AL.,

                                    Plaintiffs-Appellees,

                VERSUS

        AMOCO PRODUCTION CO., ET AL.,

                                        D e f e n d a n t s ,

            AMOCO PRODUCTION CO.,

                                    Defendant-Appellant.

    **********************************************

            MELVIN CARPENTER, ET AL.,

                                    Plaintiffs-Appellees,

                VERSUS

        AMOCO PRODUCTION CO., ET AL.,

                                        Defendants,

            AMOCO PRODUCTION CO.,

                                    Defendant-Appellant.

    ***********************************************

4

JOSEPH A. DURSO, ET AL.,

Plaintiffs-Appellees.

VERSUS

AMOCO PRODUCTION CO., ET AL.,

Defendants,

AMOCO PRODUCTION CO.,

Defendant-Appellant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MARGARET L. DURSO,

Plaintiff-Appellee,

VERSUS

AMOCO PRODUCTION CO., ET AL.,

Defendants,

AMOCO PRODUCTION CO.,

Defendant-Appellant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

JIMMY DEAN LONG, ET AL.,

Plaintiffs-Appellees,

VERSUS

AMOCO PRODUCTION CO., ET AL.,

Defendants,

AMOCO PRODUCTION CO.,

Defendant-Appellant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

JOHN W. COLLINS, ET AL.,

                                        Plaintiffs-Appellees.

                    VERSUS

        AMOCO PRODUCTION CO., ET AL.,

                                        Defendants,

            AMOCO PRODUCTION CO.,

                                        Defendant-Appellant.

        _____

                    No. 94-60059
        _____

            W.H. AVITTS, ET AL.,

                                        Plaintiffs-Appellees,

                    VERSUS

        AMOCO PRODUCTION CO., ET AL,

                                        Defendants,

    APACHE CORPORATION, MW PETROLEUM CORPORATION
        and AMOCO PRODUCTION COMPANY,

                                        Defendants-Appellants.


    _____

        Appeals from the United States District Court
            for the Southern District of Texas
                    (G-90-317, etc.)
    _____
                    (May 3, 1995)
Before LAY,[1] DUHÉ and DeMOSS, Circuit Judges.

PER CURIAM:[2]

---

[1]  Circuit Judge of the Eighth Circuit, sitting by designation.

[2]  Local Rule 47.5 provides:  "The publication  of opinions that have no precedential value and merely decide particular cases on

This matter comes before the Court on a consolidated appeal from interim orders entered by the district court. In 94-60058, Appellants appeal from the entry of a preliminary injunction requiring them to complete a "phase II" environmental study. In 94-60059, Appellants appeal from an order requiring them to pay approximately $650,000[3] in interim costs and attorney's fees. We find that the district court lacked subject matter jurisdiction over this action, and therefore vacate the orders of the district court and remand with instructions to dismiss this action, without prejudice, for lack of jurisdiction.

## I.   BACKGROUND

Appellees originally filed suit in Texas state district court to recover monetary damages for alleged injuries to their property caused by the defendants' oil and gas operations in the West Hastings Field. The matter was removed to the Southern District of Texas on the basis that Appellees' complaint stated,

> It is expected that the evidence will reflect that the damages caused by the Defendants are in violation of not only State law but also Federal law.

(emphasis supplied). Despite the nebulous referral to "federal law," the complaint stated no cause of action which could be read to confer federal question jurisdiction on the district court. In

---

the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

[3]    The court awarded $328,266 in attorney's fees and $315,875.99 in expenses. <u>Avitts v. Amoco Production Co.</u>, 840 F. Supp. 1116, 1124 (S.D. Tex. 1994).

fact, in concert with their notice of removal Appellants filed a Fed. R. Civ. P. 12(e) motion for a more definite statement, which inter alia stated,

> Plaintiffs claim Defendants violated "State law" and "Federal law" in allegedly causing these spills. However, Plaintiffs fail to specify which State or Federal laws Defendant allegedly violated. Consequently, Defendants cannot possibly formulate a response or know what defenses may apply.

Although the district court summarily denied Appellants' motion for a more definite statement, Appellees subsequently filed a first amended complaint, this time omitting all reference to federal law. Although the Appellees' complaint has been amended several times during the pendency of this litigation, no federal question has ever been stated.[4]

## II. DISCUSSION

"Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the place where such action is pending." 28 U.S.C. § 1441(a). Original jurisdiction over the subject matter is mandatory for the maintenance of an action in federal court. Subject matter jurisdiction may not be waived, and the district court "shall dismiss the action" whenever "it appears by suggestion

---

[4] Plaintiff's last complaint, the seventh amended complaint, contains state law causes of action for "nuisance," "trespass," "negligence, "breach of contract" and "fraud and misrepresentation" and prays for actual damages in the amount of ten million dollars and exemplary damages in the amount of one hundred million dollars.

8

of the parties or otherwise that the court lacks jurisdiction of the subject matter."  Fed. R. Civ. P. 12(h)(3).

Original jurisdiction, in non-maritime claims, lies where the conditions of 28 U.S.C. §§ 1331 or 1332 are satisfied.  In the present action, the court claims original jurisdiction pursuant to § 1331, also known as federal question jurisdiction.  There is no dispute that original jurisdiction does not lie under § 1332, diversity of citizenship, because complete diversity does not exist.  Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Plaintiff is generally considered the master of his complaint, and "whether a case arising...under a law of the United States  is removable or not...is to be determined by the allegations of the complaint or petition and that if the case is not then removable it cannot be made removable by any statement in the petition for removal or in subsequent pleadings by the defendant."  Great Northern Ry., Co. v. Alexander, 246 U.S. 276, 281, 38 S.Ct. 237, 239 (1918); see also American Fire & Casualty Co. v. Finn, 341 U.S. 6, 14, 71 S.Ct. 534, 540 (1951).  Of course, this does not mean that a plaintiff can avoid federal jurisdiction by simply "artfully pleading" a federal cause of action in state law terms.  See Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 397 n.2, 101 S.Ct. 2424, 2427 n.2 (1981).  However, it is also plain that when both federal and state remedies are available, plaintiff's election

9

to proceed exclusively under state law does not give rise to federal jurisdiction.

In the present case, there is no doubt that Appellees have chosen to pursue only state law causes of action. The only mention of federal law in any of Appellees' complaints was the above mentioned oblique reference to Appellants' violation of unspecified federal laws. No federal cause of action has ever been asserted, and it is plain that removal jurisdiction under 28 U.S.C. § 1441 simply did not exist. The district court had no jurisdiction over the subject matter of the complaint, and the action should have been immediately remanded to state court.

Despite the obvious lack of original jurisdiction under § 1331, two grounds for maintaining federal jurisdiction have been forwarded. First, in a motion to dismiss filed by Appellants, the court was asserted to have maintained jurisdiction under 28 U.S.C. § 1367(c) which provides in part,

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
>
> M M M M
>
> (3) the district court has dismissed all claims over which it has original jurisdiction.

This provision is plainly inapplicable because, by its terms, it presupposes that the district court obtained supplemental jurisdiction over the state law claims via original jurisdiction over federal claims arising from the same case or controversy. As stated above, the district court has never had original

jurisdiction over any of the claims in this action because no federal claims have ever been asserted.

Second, subject matter jurisdiction was supposedly achieved through Appellees' reference to CERCLA and the Oil Pollution Act of 1990 (OPA) in the Joint Pretrial Order (PTO). Notwithstanding the highly questionable applicability of either of these statutes to the facts and circumstances of this case, adoption of this argument would require us to rewrite the PTO. Under the PTO's plain terms, CERCLA and OPA are offered only as a means to calculate the "Measure of Damages" owed to the Appellees. Appellees never asserted a cause of action under either statute, and subject matter jurisdiction cannot be created by simple reference to federal law. Subject matter jurisdiction can be created only by pleading a cause of action within the district court's original jurisdiction. No such cause of action has _ever_ been plead in this matter, and therefore subject matter jurisdiction is plainly absent.

## III.  CONCLUSION

The district court lacked subject matter jurisdiction over this action and was therefore without authority to enter its orders. The orders of the district court are vacated, and this matter is remanded to the district court with instructions to dismiss Appellee's complaint without prejudice.

VACATED and REMANDED.

11