IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-20880
Summary Calendar
_____

JACK JOLLY,

Plaintiff-Appellant,

versus

PAPPAS RESTAURANTS, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-97-CV-67)
_____

June 30, 1999

Before JOLLY, SMITH, and PARKER, Circuit Judges.

PER CURIAM:[*]

This case involves the appeal by Jack Jolly of a summary judgment ruling in the defendant's favor. The defendant, Pappas Restaurants, Inc. ("Pappas"), owns the Dot Coffee Shop ("Coffee Shop"), an establishment apparently frequented by Jolly and his now deceased wife. The basis for the current controversy arises out of an event that transpired on May 31, 1996--the day Jolly's wife was released from a hospital stay. To celebrate, the couple went to the Coffee Shop for dinner. Midway through the meal, Jack Jolly

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

left the restaurant, apparently to assist some other party, and did not return for approximately an hour and a half. During that time, Mrs. Jolly, who was still medicated, fell asleep at the table. When Jack Jolly returned, the Coffee Shop's manager indicated that she disapproved of his behavior and did not want the two of them back in the restaurant.

Over the next few months, Mr. Jolly claims that he was denied service at the Coffee Shop. Pappas, on the other hand, argues that the only request made of Jolly was that he finish his meals in a reasonable time frame. Pappas also notes that in June of 1996 it provided Jolly with coupons for $100 worth of free food and apologized for its service. It has since increased the value of the coupons offered to $250. Throughout, it has repeatedly told Jolly that he is welcome to dine at the Coffee Shop.

Jolly sued Pappas in state court, alleging intentional infliction of emotional distress and violations of the Americans with Disabilities Act("ADA"). The defendant removed to the Southern District of Texas. The district court dismissed the bulk of the case in a summary judgment ruling that Jolly does not challenge on appeal. The district court then ruled, in response to Pappas' motion, that with respect to the remaining claim, a request for injunctive relief under Title III of the ADA, the court did not have standing to hear the claim because Jolly had not demonstrated a need for injunctive relief.

2

On appeal, Jolly raises two issues. First, Jolly argues that the defendant waived its right to challenge standing. Second, Jolly argues that even if Pappas now argues that it will welcome him at the Coffee Shop, the fact that Pappas has denied him in the past provides a sufficient basis for granting him an injunction against Pappas. After a careful review of the briefs and the record in this case, we find neither of Jolly's arguments persuasive.

As the district court correctly noted, a party never waives its right to challenge subject matter jurisdiction. Avitts v. Amoco Prod. Co., 53 F.3d 690, 692 (5th Cir. 1995) ("[T]he district court `shall dismiss the action' whenever `it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'" Fed.R.Civ.P. 12(h)(3).).

Jolly's second argument--that the district court should have concluded that he alleged a sufficient basis for an award of injunctive relief--is equally unpersuasive. In the Fifth Circuit, "a plaintiff seeking injunctive relief based on an alleged past wrong must show that there is a real or immediate threat that he will be wronged again." Plumley v. Landmark Chevrolet, Inc., 122 F.3d 308, 312 (5th Cir. 1997); Armstrong v. Turner Industries, Inc., 141 F.3d 554, 563-64 (5th Cir. 1998). In this case, a review of the record reveals facts that, even in a light most favorable to Jolly, simply do not provide a basis for finding such a threat.

For the foregoing reasons, the ruling of the district court is

A F F I R M E D.