File Name: 04a0061n.06
Filed: October 29, 2004

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

**No. 03-5851**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| LEXINGTON-FAYETTE URBAN COUNTY GOVERNMENT CIVIL SERVICE COMMISSION, | ) ) ) ) | |
| Respondent-Appellant, | ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY |
| PHILIP D. OVERSTREET, | ) ) | |
| Petitioner-Appellee. | ) ) | |

Before: MARTIN, COLE, and GIBBONS, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.** Petitioner-appellee Philip D. Overstreet was disciplined in the form of a written reprimand and a seven day suspension without pay by his employer, respondent-appellant Lexington-Fayette Urban County Government ("LFUCG"), for failing to satisfactorily fill out a real property disclosure form. Overstreet appealed the disciplinary action to the LFUCG Civil Service Commission ("Commission"), pursuant to Kentucky Revised Statute § 67A.280. The Commission affirmed the disciplinary action. Overstreet appealed the Commission's ruling pursuant to Kentucky Revised Statute § 67A.290 on March 2, 2001, in Fayette County Court, asserting that the Commission's decision was arbitrary and that his constitutional rights had been violated. The Commission responded and removed the action to the United States

District Court for the Eastern District of Kentucky on March 28, 2001. The district court reversed the Commission's ruling, concluding that (1) the Commission's actions were arbitrary; (2) the Commission had violated Overstreet's procedural due process rights; and (3) Overstreet was entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b). The Commission appealed these rulings on June 26, 2003.

We decline to reach the merits of this appeal, for we find that Overstreet's appeal was improperly removed, as the federal claims raised were not sufficiently substantial to support federal question jurisdiction. Accordingly, we vacate the judgment of the district court and remand with instructions to remand the case back to the state court of origin.

**I.**

On October 16, 2000, LFUCG issued a revised policy requiring employees in certain divisions to disclose their own as well as their family's real property holdings in Fayette County, Kentucky. The policy was developed as a tool to enable LFUCG to avoid conflicts of interest between LFUCG employees' ownership interests and their roles as government inspectors.

Overstreet was employed in LFUCG's Engineering Division and was among the employees required to fill out the real property disclosure form. He received a form with instructions to complete it by November 1, 2000. Overstreet returned the form by the requested date, filling out only his name, division, and employee number, and attaching a notarized statement to the otherwise blank form which stated that the information was a matter of public record and could be so obtained if desired. In response, LFUCG disciplined Overstreet in the form of a written reprimand and instructed him to complete the form. Overstreet failed to do so and as a result was disciplined in the

form of suspension without pay for seven days. Overstreet appealed LFUCG's decision to discipline him to the LFUCG Civil Service Commission. The Commission held a hearing on the merits of Overstreet's challenge on February 7, 2001 and issued a written Opinion/Order on February 9, 2001 upholding the disciplinary actions.

Overstreet appealed the finding of the Commission by filing a Petition of Appeal with the Fayette Circuit Court pursuant to Kentucky Revised Statute § 67A.270 on March 2, 2001. In his petition, Overstreet asserted that the Commission's findings were arbitrary. Overstreet also claimed that the Commission erred in failing to consider the constitutionality of the policy, an assertion which the district court interpreted as a challenge to the policy on the ground that it was unconstitutionally vague. Finally, Overstreet alleged that the Commission's decision violated his Fourth Amendment rights. The Commission filed a response on March 21, 2001 and filed a Notice of Removal to federal district court on March 28, 2001.[1]

On March 10, 2003, the district court issued an opinion and order granting Overstreet's motion for summary judgment on the ground that the Commission's decision to uphold the disciplinary action taken against Overstreet was arbitrary in violation of Kentucky state law and thus warranted reversal. Although the district court acknowledged the Fourth Amendment and unconstitutional vagueness claims alleged in Overstreet's petition in presenting the procedural posture of the case, the district court declined to address either of these claims on the merits, failing

---

[1]During this time, Overstreet was also litigating the constitutionality of the disclosure policy in federal district court in a companion case brought against LFUCG. In that case, Overstreet sought a declaratory judgment, an injunction, and damages due to the policy's alleged violations of his Third, Fourth, Fifth, Ninth and Fourteenth Amendment rights.

to mention the claims again in the opinion.  The court additionally found that the Commission's "unwillingness or inability" to provide a complete transcript of the Commission hearing to the court for review prevented meaningful post-deprivation review, thus violating Overstreet's procedural due process rights.[2]  As a result, the district court set aside the Commission's decision and awarded Overstreet $3,860.00 in costs due to the transcript delay.  On May 29, 2003, the district court issued another order denying the Commission's motion to alter or amend the judgment, and awarding Overstreet a total of $30,573.20 in legal fees pursuant to 42 U.S.C. § 1988(b) as the prevailing party in a civil rights action. The Commission filed a Notice of Appeal on June 26, 2003.

## II.

Each federal appellate court has the obligation to ensure not only that there is a proper jurisdictional basis to hear the case before it, but also that a proper jurisdictional basis existed in the district court below.  *Nationwide Mut. Ins. Co. v. Cisernos*, 52 F.3d 1351, 1361 (6th Cir. 1995); *Thomas v. St. Luke's Health Sys., Inc.*, 869 F. Supp. 1413, 1424 (N.D. Iowa 1994).  "[A] federal court always has jurisdiction to determine its own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 628 (2002).  The question of subject matter jurisdiction may be raised at any time, whether at the suggestion of the parties or *sua sponte* by the court.  *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990); *Traficant v. United States*, No. 4:02CV188, 2002 WL 553724, at *1 (N.D. Ohio Feb. 1, 2002).  We must examine whether federal subject matter jurisdiction existed in this case from the outset, as we may not rule on the merits of a case over which the district court lacked such jurisdiction.  *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 377 F.3d 592, 594 (6th Cir.

---

[2]A procedural due process claim had never been alleged by either party.

2004). In examining the propriety of the removal, we must bear in mind that removal statutes are strictly construed against removal, such that doubt should be resolved in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1094 (9th Cir. 1979).

In the present case, the Commission removed Overstreet's appeal of the disciplinary action to federal district court pursuant to 28 U.S.C. § 1441(a) and (b). A defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). District courts have original jurisdiction over "all civil actions arising under the Constitution . . . ." *Id.* § 1331. Whether a claim presents a federal question is determined by looking to "'the plaintiff's statement of his own claim.'" *Grable & Sons Metal Prods., Inc.*, 377 F.3d at 594 (quoting *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914)). In Overstreet's initial petition, he stated that the Commission's decision violated his Fourth Amendment rights. Overstreet also alleged that the Commission failed to consider whether the disclosure policy was appropriate or constitutional. The district court interpreted this reference to constitutionality in Overstreet's petition as an allegation that the policy was unconstitutionally vague. The district court also noted that the Commission had ruled in a January 25, 2001 prehearing order that it would not review the federal constitutional issues raised in the companion case pending before the district court. In the companion case, Overstreet similarly asserted a violation of his Fourth Amendment rights, and had also asserted that LFUCG's disclosure policy was unconstitutionally vague. The key question is whether these allegations, asserted in the context of an appeal from the LFUCG Commission finding pursuant to a state statute, are sufficient to establish

a federal question, such that removal pursuant to 28 U.S.C. § 1441 was appropriate. We hold that they are not, and thus, removal to federal court was not warranted.

The federal question appearing on the face of the pleading must have sufficient substance to confer subject matter jurisdiction on the court. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). Subject matter jurisdiction is lacking where the claim presented in the pleading is "plainly unsubstantial." *Levering & Garrigues Co. v. Morrin*, 289 U.S. 103, 105 (1933). A federal question asserted by a party may be plainly unsubstantial where it is obviously lacking in merit. *Id.* A federal court may remand a case *sua sponte* where the allegations of the complaint which gave rise to the federal jurisdictional basis are insufficient to confer subject matter jurisdiction on the court. *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 629-30 (6th Cir. 1992).

Although in this case, the petition did allege constitutional violations, we do not find these allegations to be sufficiently substantial to support federal question jurisdiction. The case before us is essentially an appeal from the Commission's review of a local county government decision. At the heart of the appeal is a question of whether the Commission's findings were arbitrary, an inquiry governed exclusively by Kentucky state law. The constitutional allegations summarily asserted by Overstreet in the petition cannot be viewed as possessing the requisite substantiality to confer federal question jurisdiction upon this court or the district court below. It is indicative of the substantiality of Overstreet's constitutional claims that the district court did not address the merits of those claims in any discernible fashion in its opinion, aside from noting in the procedural posture of the case that such claims had been alleged in Overstreet's original petition. Furthermore, the constitutional violations alleged in this action were similarly alleged before the federal court in

Overstreet's companion case, which was pending before the district court prior to the Commission's removal of this case to the same federal district court. There was no justifiable basis to treat the present case as sufficiently raising a federal question substantial enough to provide for a basis of removal, particularly where another action was already pending in the federal district court in which Overstreet's allegations of constitutional violations would be adequately addressed. The case at bar, presenting in substance and in fact exclusively issues of state law, should have been remanded to state court.[3] *Cf. United Mine Workers,* 383 U.S. at 726 (noting that federal courts should avoid "[n]eedless decisions of state law").

It is incumbent upon a federal court to review its own jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."); *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995) (citing rule 12(h)(3)); *Thomas*, 869 F. Supp. at 1425 ("The federal courts have a duty to examine the substantiality of the federal claim throughout the litigation, and must dismiss all claims . . . for want of a federal question" where the federal claim "proves patently meritless"). As noted above, the district court did not base any portion of its decision on the allegations of constitutional violations. Ostensibly, the lack of attention the district court paid to these allegations indicates that the court found them to be lacking in merit; at this point, exercising jurisdiction over the claim was no longer

---

[3]Although the district court did ultimately hold that a procedural due process violation arose from the failure of the Commission to produce a complete transcript of the Commission hearing, this issue was not alleged in Overstreet's petition and therefore cannot form the basis for creating subject matter jurisdiction in federal court. *See Long v. Bando Mfg.*, 201 F.3d 754, 758 (6th Cir. 2000); *In re Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980) ("It is a fundamental principle of law that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed.").

appropriate. *See* Fed. R. Civ. P. 12(h)(3). Thus, the district court was required to remand the case, "improvidently removed without jurisdiction," back to state court. 28 U.S.C. § 1447(c); *Farris v. Youngblood*, 248 F. Supp. 598, 599 (E.D. Tenn. 1965).

## III.

For the foregoing reasons, we vacate the district court's opinion and remand with instructions to remand the case to Kentucky state court.