IN THE UNITED STATES DISTRICT COURT 
 NORTHERN DISTRICT OF TEXAS 
 DALLAS DIVISION 
TOBACCO AND WINE, INC., § 
 § 
 Plaintiff, § 
 § 
v. § Civil Action No. 3:20-CV-939-L 
 § 
COUNTY OF DALLAS and § 
CITY OF DALLAS, § 
 §
 Defendants. § 
 MEMORANDUM OPINION AND ORDER 
 Before the court is Plaintiff’s Emergency Motion to Remand (Doc. 6), filed April 17, 2020. 
On April 21, 2020, Plaintiff, as allowed, filed an Amended Complaint under Federal Rule 15(a) to
remove all references to the United States Constitution. After considering the Motion to Remand
and pleading amendment, the court denies the Motion to Remand (Doc. 6), as it determines that
removal of the action based on federal question jurisdiction was appropriate. The court,
nevertheless, determines that the action should be remanded to state court on other grounds because
consideration of the applicable factors for retaining supplemental jurisdiction over the remaining
state claim convinces it that exercising supplemental jurisdiction is not warranted under the
circumstances. 
I. Factual and Procedural Background 
 On April 15, 2020, Tobacco and Wine, Inc. (“Plaintiff”) brought this action in state court in
the 193rd Judicial District Court, Dallas County, Texas, against County of Dallas (“Dallas County”)
and the City of Dallas (“the City”) (“collectively, Defendants”). In Plaintiff’s Original Petition, it
asserts a regulatory takings claim as the result of the COVID-19 orders put in place by Dallas
Memorandum Opinion and Order - Page 1 
County Judge Clay Jenkins and Defendants’ actions in enforcing those orders. Plaintiff alleges that,
“[b]eginning in late March 2020, code compliance officers with the City began making appearances
at the bodegas [Plaintiff’s businesses] and communicated to Tobacco and Wine’s principal that the
stores must be closed.” Pl.’s Orig. Pet. ¶ 13. Plaintiff further alleges that, on April 8, 2020, a cease

and desist letter was sent to its principal that referenced Judge Jenkins’ recent COVID-19 order;
stated that “[i]t does not appear that Puff n Stuff Smoke Shop meets the criteria outlined in the
Order”; and “threatened criminal prosecution in the event of noncompliance.” Id. ¶ 14.
 Plaintiff contends that its businesses qualify as essential businesses under Judge Jenkins’
orders and should be allowed to remain open. Plaintiff alleges that “[t]he actions of [Dallas] County
and the City [of Dallas] amount to a ‘regulatory taking’ in that they impose restrictions that
unreasonably interfere with [its] rights to use and enjoy [its] property.” Id. ¶ 26. Plaintiff further
alleges that, as a result of Dallas County’s and the City’s improper actions in enforcing Judge
Jenkins’ orders, it has had to close its businesses and is “suffering damages in the form of lost

revenue.” Id. ¶ 25. In support of its regulatory takings claim(s), Plaintiff’s Original Petition
references the Fifth and Fourteenth Amendments to the United State Constitution, as well as Article
I, section 17 of the Texas State Constitution. 
 In addition to damages, Plaintiff seeks injunctive relief to prevent Defendants from enforcing
Judge Jenkins’ orders while this case is pending. Shortly before removing the action to federal
court, Defendants filed a response in opposition to Plaintiff’s request for injunctive relief. Plaintiff
asserts in its Motion to Remand that its request for a temporary restraining order (“TRO”) was set
for hearing in state court on April 16, 2020, at 2:30 p.m., and, minutes before the hearing,

Defendants sent an e-mail advising Plaintiff’s counsel that the case had been removed to federal
Memorandum Opinion and Order - Page 2 
court. Plaintiff further asserts that, because Defendants’ Notice of Removal had not yet appeared in
the state court’s electronic filing system, the hearing on the TRO was held by video conference, and
the judge took the matter under advisement. Plaintiff contends that no legitimate ground for
removing the action exists, and Defendants removed the action for purposes of disrupting the TRO

hearing in state court. Plaintiff, therefore, seeks to recover the fees and costs it incurred as a result
of the “improvident removal.” Pl.’s Mot. to Remand 8. 
 For the reasons herein explained, the court need not address Plaintiff’s request for injunctive
relief because, although it determines it has subject matter jurisdiction over this action, it declines
to exercise supplemental jurisdiction over the state takings claim that remains after the amendment
to Plaintiff’s pleadings. 
II. Motion to Remand 
 Plaintiff contends that removal of this action was improper based on federal question

jurisdiction because it has not alleged a federal takings claim. Plaintiff asserts that, although its
pleadings reference the Fifth and Fourteenth Amendments to the Constitution in connection with
its regulatory takings claim, it has not brought a claim for violation of the United States Constitution
under 42 U.S.C. § 1983. Plaintiff maintains that, while it could have asserted a claim under § 1983,
it did not, and absent such claim, Defendants had no right to remove its state takings claim to federal

Memorandum Opinion and Order - Page 3 
court.1 In addition, Plaintiff argues that because the Texas Supreme Court has previously described
a takings claim under Texas law in the context 
of the Fifth and Fourteenth Amendments to the Constitution, its reference in its pleadings to these
Amendments to the Constitution does not convert its state takings claim into a federal takings claim: 

 12. The Texas Supreme Court has described the legal basis of a takings claim under
 Texas law: 
 The Just Compensation Clause of the Fifth Amendment provides that “private
 property [shall not] be taken for public use, without just compensation.” This
 prohibition has been incorporated through the Fourteenth Amendment to apply to the
 individual states. . . . similarly, article I, section 17 of the Texas Constitution provides,
 in pertinent part, that no “person’s property shall be taken, damaged or destroyed for
 or applied to public use without adequate compensation being made[.] . . .”
Pl.’s Mot. to Remand 7 (quoting Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 935 (Tex. 1998)).
Based on the foregoing reasoning in Mayhew, Plaintiff contends: “That states and local governments
are bound by the Fifth Amendment does not mean that federal question jurisdiction exists over state
court takings claims.” Id. at 7. The court disagrees, as this is a misapprehension of Mayhew.
 Federal courts are courts of limited jurisdiction and must have statutory or constitutional
power to adjudicate a claim. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)
(citations omitted); Home Builders Ass’n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th
Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to
adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. Id.; Stockman
 1 For support, Plaintiff cites Knick v. Township of Scott, Pennsylvania, ___ U.S. ___, 139 S. Ct. 2162 (2019),
for the proposition that “one who ‘has suffered a violation of his Fifth Amendment rights when the government takes
his property without just compensation . . . may bring his claim in federal court under § 1983.’” 139 S. Ct. at 2168. 
Plaintiff also asserts that the Court in Knick overturned its prior holding in Williamson County Regional Planning
Commission v. Hamilton Bank of Johnson City, 473 U.S. 172 (1985), requiring a party “to first seek state court relief
before bringing a federal takings claim” under § 1983. Pl.’s Orig. Pet. ¶ 10. Plaintiff’s reliance on Knick is misplaced,
as the holding in Knick and portions of that opinion cited do not support its argument that a regulatory takings claim
under the Fifth Amendment is only removable when the plaintiff’s state court pleadings reference § 1983.
Memorandum Opinion and Order - Page 4 
v. Federal Election Comm’n, 138 F.3d 144, 151 (5th Cir. 1998) (citing Veldhoen v. United States
Coast Guard, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court must presume that an action lies
outside its limited jurisdiction, and the burden of establishing that the court has subject matter
jurisdiction to entertain an action rests with the party asserting jurisdiction. Kokkonen, 511 U.S. at

377 (citations omitted). “[A]ny civil action brought in a State court of which the district courts of
the United States have original jurisdiction, may be removed by the defendant or the defendants, to
the district court of the United States for the district and division embracing the place where such
action is pending.” 28 U.S.C. § 1441(a). 
 As noted, Defendants removed this action based on federal question jurisdiction. A federal
question exists when “there appears on the face of the complaint some substantial, disputed question
of federal law.” In re Hot–Hed, Inc., 477 F.3d 320, 323 (5th Cir. 2007). Whether an action is
removable based on federal question jurisdiction is determined by the allegations in the plaintiff’s
“well-pleaded complaint” at the time of removal. Medina v. Ramsey Steel Co., Inc., 238 F.3d 674,

680 (5th Cir. 2001); Avitts v. Amoco Prod. Co., 53 F.3d 690, 693 (5th Cir. 1995). “[W]hen both
federal and state remedies are available, [a] plaintiff’s election to proceed exclusively under state
law does not give rise to federal jurisdiction.” Id. Likewise, an “oblique reference” in the plaintiff’s
pleadings to a “violation of unspecified federal laws” is an insufficient basis for removal based on
federal question jurisdiction. Id. 
 Here, although Plaintiff’s pleadings before removal do not reference § 1983, they specifically
refer to the Fifth and Fourteenth Amendments to the United States Constitution, in addition to

Memorandum Opinion and Order - Page 5 
Article I, section 17 of the Texas State Constitution to support their takings claim(s).2 Thus, this is
not a situation in which a plaintiff has made a passing reference in its pleadings to an unspecified
federal law while seeking relief, for example, for a tort that is only available under state law. In
addition, the reference to Fifth and Fourteenth Amendments to the United States Constitution is not

included merely to describe Plaintiff’s takings claim under the Texas Constitution as Plaintiff seems
to suggest in its Motion to Remand by quoting Mayhew. Instead, the reference to the federal
constitution is set forth in a separate paragraph in which it defines a takings claim under the Fifth
Amendment without reference to the Texas Constitution. See Pl.’s Orig. Pet. ¶¶ 21-22. Moreover,
Mayhew involved both federal and state takings claims. Plaintiff also refers to the takings provisions
under the two constitutions collectively as the “Takings Clause.” Id. ¶ 23 (“[T]hese constitutional
provisions are known as the ‘Takings Clause.’”). While it is not uncommon for Texas courts to look
to federal takings cases for guidance in applying their own constitution,3 the rights created by the
federal and Texas constitutions with respect to takings are not identical.4 

 Accordingly, after considering the allegations in Plaintiff’s Original Petition, the court had
predetermined that removal based on federal question jurisdiction was proper; however, the court
 2 As noted in Plaintiff’s Original Petition, under the Fifth Amendment’s takings clause, which is applicable to
the states via the Fourteenth Amendment, private property may not be taken for public use without “just compensation.” 
Pl.’s Orig. Pet. ¶ 22 (quoting U.S. Const. amend. V). Plaintiff also alleges that, under Article I, section 17 of the Texas
Constitution, “[n]o person’s property shall be taken damaged, or destroyed for or applied to public use without adequate
compensation.” Id. ¶ 23 (quoting Tex. Const. art. I, § 17(a). 
 3 Sheffield Dev. Co., Inc. v. City of Glenn Heights, 140 S.W.3d 660, 674 (Tex. 2004).
 4 See Jadd F. Masso, Mind the Gap: Expansion of Texas Governmental Immunity Between Takings and Tort,
36 St. Mary’s L.J. 265, 272-73 & nn.51-56 (2005) (discussing the origins of the takings clause in the Texas Constitution
and explaining: “The differences in language between the federal and the Texas Bill of Rights are anything but
happenstance. The drafters of the 1876 Texas Constitution specifically refused to follow the federal Bill of Rights as a
model. The framers carefully drew and debated each section of Article 1. . . . As a result, the [Texas Supreme] [C]ourt
has held that even when provisions are identical in the state and federal constitutions, the Texas provision may result
in a different outcome due to the broader protections afforded by the Texas Bill of Rights as a whole.”) (citations
omitted). 
Memorandum Opinion and Order - Page 6 
allowed Plaintiff to file an amended complaint because it knew, for the following reasons, that the
exercise of supplemental jurisdiction would not be warranted. As the court had subject matter
jurisdiction at the time of removal, and still does, Plaintiff is not entitled to have this action
remanded for lack of jurisdiction, and its Motion to Remand on this ground will be denied.

III. Supplemental Jurisdiction 
 As noted, Plaintiff filed an Amended Complaint that removes all references to the United
States Constitution, leaving only its state law takings claim. A pleading amendment post-removal
that removes all federal claims does not divest the federal court of jurisdiction and require remand
to state court. 16 Front St., L.L.C. v. Mississippi Silicon, L.L.C., 886 F.3d 549, 559 (5th Cir. 2018). 
A district court has discretion, however, “to remand pendent state law claims after the plaintiff has
dropped the federal cause of action on which removal was originally based.” Jones v. Houston
Indep. Sch. Dist., 979 F.2d 1004, 1007 (5th Cir. 1992) (citation omitted). A district court abuses its

discretion in retaining jurisdiction over remaining state law claims when, as here, the plaintiff
removes all federal claims during the “infancy” of the case after removal. See Enochs v. Lampasas
Cty., 641 F.3d 155, 159-63 (5th Cir. 2011) (concluding that the district court erred in not remanding
the action after allowing the plaintiff to remove his sole federal claim). In reaching this conclusion,
the Fifth Circuit reasoned that “the balance of the statutory and common law factors weigh[ed]
heavily in favor of remand,” and “courts in this circuit must remain diligent in following the
Supreme Court’s almost fifty-year-old command that federal courts avoid needless decisions of state
law.” Id. at 162-63. 
 The statutory factors are set forth in 28 U.S.C. § 1367(c), which states that district courts

may decline to exercise supplemental jurisdiction over a claim when: 
Memorandum Opinion and Order - Page 7 
 (1) the claim raises a novel or complex issue of State law, (2) the claim substantially
 predominates over the claim or claims over which the district court has original
 jurisdiction, (3) the district court has dismissed all claims over which it has original
 jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons
 for declining jurisdiction. 
The court also considers common law factors, including judicial economy, convenience, fairness,
and comity, in deciding whether to exercise supplemental jurisdiction over Plaintiff’s state takings
claim or remand this action. Enochs, 641 F.3d at 159. 
 Consideration of the foregoing factors weighs in favor of not retaining jurisdiction over
Plaintiff’s remaining takings claim under the Texas Constitution. The first three factors favor
remand: (1) Plaintiff’s takings claim concerns a novel Texas state law issue, that is, the effect of an
order entered by Dallas County Judge Clay Jenkins, pursuant to Texas Government Code § 418.108,
requiring the closure of all nonessential business to protect public safety by slowing the spread of
the novel COVID-19 virus; (2) the Texas state law predominates over the federal takings claim that
was removed by pleading amendment; (3) the court did not dismiss Plaintiff’s federal takings claim,
but it is no longer before the court as a result of Plaintiff’s decision to amend its pleadings; and (4)
consideration of the common law factors favors remand and constitutes a compelling reason to
decline jurisdiction. Specifically, the action was only filed approximately one week ago and
immediately removed the following day; no discovery has occurred; no scheduling order has been
entered; no hearings have been scheduled in this court; and the court has not addressed the merits
of any claim or defense asserted by the parties. Moreover, the state court is in a better position than
this court to address the state law issues raised and, according to Plaintiff’s Motion to Remand, has
already conducted a hearing on its request for a TRO. Additionally, the court determines that

remand of this action to state court will not financially inconvenience either party or prejudice
Memorandum Opinion and Order - Page 8 
Defendants because it will be just as convenient to have the case heard in state court in Dallas
County where all the parties and businesses at issue are located. Finally, the court is not aware of
any exceptional circumstances that might compel it to retain jurisdiction. 
 Because the court determines that the balance of statutory and common law factors weighs

in favor of declining to exercise supplemental jurisdiction over Plaintiff’s remaining state law claim,
it sua sponte concludes that remand of this action is appropriate, even though it denied Plaintiff’s
request to remand the action to state court for lack of subject matter jurisdiction. 
IV. Conclusion 
 For the reasons explained, the court concludes that it has subject matter jurisdiction over this
action, as removal of the action by Defendants based on federal question jurisdiction and
supplemental jurisdiction was proper. The court, therefore, denies Plaintiff’s Emergency Motion
to Remand (Doc. 6), which was based solely on its contention that the court lacked jurisdiction as

a result of the allegedly improper removal of the action by Defendants. 
 For the same reason, the court denies Plaintiff’s request to recover attorney’s fees incurred
in filing its Motion to Remand. Moreover, even if the court had determined that removal of the case
based on federal question jurisdiction should not have occurred, it would not have allowed Plaintiff
to recover the fees and costs it incurred in moving to remand the action, as the confusion created by
Plaintiff’s state court pleadings and reference to the Fifth and Fourteenth Amendments to the United
States Constitution in support of its regulatory takings claim justified and precipitated the removal
of this case by Defendants. In other words, Defendants had an “objectively reasonable basis” for
removing the action to federal court. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005);

Valdes v. Wal-Mart Stores, Inc., 199 F.3d 290, 293 (5th Cir. 2000). Defendants did nothing that was
Memorandum Opinion and Order - Page 9 
legally improper. Plaintiff created the tangled web that the court had to unravel, which is why it 
allowed Plaintiff to file an amended pleading. 
 The court, however, directs the clerk of the court to remand this action to the 193rd Judicial 
District Court, Dallas County, Texas, from which it was removed, pursuant to Title 28, United States 
Code, § 1367(c), as it declines to exercise supplemental jurisdiction over Plaintiff's state takings 
claim, which is all that remains after Plaintiff amended its pleadings to remove all references to the 
United States Constitution. Because Plaintiff was allowed to and voluntarily elected to amend it 
pleadings to remove all reference to the United States Constitution, it will be judicially estopped 
from later asserting a takings claim under the federal constitution in state court.” The court also 
declines to address Plaintiff's request for a TRO and other injunctive relief. These matters will be 
decided by the judge of the 193rd Judicial District Court to which it is hereby remanded. The 
remand shall be effected in accordance with the usual procedure. 
 It is so ordered this 23rd day of April, 2020. 

 7 Sam A. i “indsay C 
 United States District Judge 

 > Judicial estoppel is an equitable doctrine, the purpose of which is “to protect the integrity of the judicial 
process by preventing parties from playing fast and loose with the courts to suit the exigencies of self interest.” Cox v. 
Richards, 761 F. App’x 244, 246 (Sth Cir. 2019) (citing In re Superior Crewboats, Inc., 374 F.3d 330, 334 (Sth Cir. 
2004), and quoting Jn re Coastal Plains, Inc., 179 F.3d 197, 205 (Sth Cir. 1999)). “Judicial estoppel has three elements: 
(1) The party against whom it is sought has asserted a legal position that is plainly inconsistent with a prior position; (2) 
a court accepted the prior position; and (3) the party did not act inadvertently.” Allen v. C & H Distribs., L.L.C., 813 F.3d 
566, 572 (Sth Cir. 2015) (quoting Im re Flugence, 738 F.3d 126, 129 (Sth Cir. 2013)). 
Memorandum Opinion and Order - Page 10