

2001 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-1-2001

# Kabakjian v. USA

Precedential or Non-Precedential:

Docket 00-1423

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2001

Recommended Citation

"Kabakjian v. USA" (2001). *2001 Decisions.* Paper 222.
http://digitalcommons.law.villanova.edu/thirdcircuit_2001/222

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2001 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed October 1, 2001

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 00-1423

EDWARD KABAKJIAN;
NANCY B. KABAKJIAN

v.

UNITED STATES OF AMERICA;
JACK P. PARMER; LUANN PARMER;
WILLIAM SNIDER; NANCY SNIDER

        Edward Kabakjian,
        and Nancy Kabakjian,

         Appellants

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 97-cv-05906)
District Judge: Honorable Jay C. Waldman

Argued: June 25, 2001

Before: NYGAARD, WEIS, and
REAVLEY,* Circuit Judges

(Filed: October 1, 2001)

        Edward Kabakjian (Argued)
        Nancy Kabakjian
        1730 Fels Road
        Pennsburg, PA 18073

        Counsel For Appellants

_____

* Honorable Thomas M. Reavley, United States Circuit Judge for the Fifth
Circuit, sitting by designation.

Paula M. Junghans, Esq.
Acting Assistant Attorney General

David English Carmack, Esq.
Annette M. Wietecha, Esq.
Sara Ann Ketchum, Esq. (Argued)
Attorneys, Tax Division
United States Department of Justice
P. O. Box 502
Washington, D.C. 20044

Of Counsel:

Michael R. Stiles, Esq.
United States Attorney

Counsel for Appellee USA

OPINION OF THE COURT

REAVLEY, Circuit Judge.

Edward and Nancy Kabakjian appeal a take-nothing judgment in their suit against the federal government and relating to the seizure and sale of their real property. We affirm.

BACKGROUND

The Kabakjians sued the government after property they owned was seized and sold at an auction to recoup unpaid income taxes. The Kabakjians do not dispute the underlying tax obligation. Their complaint alleged that the government failed to comply with 26 U.S.C. S 6335, which governs the seizure of property to cover unpaid taxes.

Count 1 of the complaint sought to quiet title to the property. Counts 2 and 3 sought money damages for the wrongful seizure of the property and for failing to release liens on the property. The Kabakjians moved for partial summary judgment, arguing that the notices they received under S 6335 were defective because they were delivered by certified mail rather than by personal delivery. The government moved to dismiss count 1 for lack of subject

matter jurisdiction. The district court agreed with the government and dismissed count 1, holding that the government was immune from suit on this count. The district court discussed the "substantial compliance" provision found at 26 U.S.C. S 6339(b)(2), which we discuss below, but as we read the district court's ruling it ultimately held, as to count 1, that it lacked subject matter jurisdiction.

The court later granted a summary judgment on the remaining federal claims for damages, and dismissed the pendent state law claims. The Kabakjians do not argue on appeal that the district court erred in dismissing the state law claims and in dismissing count 3, which alleged money damages caused by the government's failure to release its liens on the property. We therefore consider whether the district court correctly ruled against appellants on the claims they asserted in counts 1 and 2.

The record discloses that on December 11, 1995, the government sent to the Kabakjians, at their personal residence, a notice of seizure of the property in issue. This notice was sent by certified mail. The Kabakjians received this notice. On December 17, 1995, the IRS seized the property. On January 24, 1996, the government sent the Kabakjians a notice of a sealed bid sale of the property, stating that the sale would take place February 23, 1996. Again, there is no dispute that the Kabakjians received this notice, which was again sent by certified mail. On February 23 the sale took place. On September 18, 1996, after the expiration of a statutory 180-day redemption period, see 26 U.S.C. S 6337(b)(1), the government conveyed the Kabakjian title to the third parties by written deed. On September 19, 1997, this suit was filed.

The Kabakjians claim that the notices were defective because they were sent by certified mail and the relevant statute requires personal delivery. Under 26 U.S.C. S 6335(a) a notice of seizure

> in writing shall be given by the Secretary to the owner
> of the property . . . or shall be left at his usual place
> of abode or business if he has such within the internal
> revenue district where the seizure is made. If the owner

3

cannot be readily located, or has no dwelling or place of business within such district, the notice may be mailed to his last know address.

Section 6335(b) requires a notice of sale, to be given in the same manner as the notice of seizure specified inS 6335(a). In the pending case a notice of seizure under S 6335(a) and a notice of sale under S 6335(b) were sent to the home of the Kabakjians, but the notices were sent by certified mail rather than hand delivery.

The statute does not explicitly require hand delivery of the notices, but since it requires notice "to the owner" or notice at the residence or business, and alternatively allows for notice by mail only if the owner cannot be located or he lacks a home or business in the district, courts have interpreted the statute to require notice by hand delivery, and to allow for notice by mail only if the attempt at hand delivery fails. See Goodwin v. United States, 935 F.2d 1061, 1064 (9th Cir. 1991) ("The government concedes that under a literal reading of S 6335, service by certified mail, as received by Goodwin, is defective."). The government concedes that delivery of the notices by certified mail violates the statute.

A. Quiet Title Claim

1. Jurisdiction

Absent an explicit waiver of sovereign immunity, the federal government cannot be sued and the district court lacks jurisdiction to hear a claim against the government. United States v. Dalm, 494 U.S. 596, 608 (1990); Clinton County Comm'rs v. EPA, 116 F.3d 1018, 1021 (3d Cir. 1997). Regarding the quiet title claim asserted in count 1, we conclude that the government was not immune from suit.

Under 28 U.S.C. S 2410(a), "the United States may be named a party in any civil action or suit in any district court . . . to quiet title to . . . real or personal property on which the United States has or claims a mortgage or other lien." In the pending case, the government had seized and sold the property before the suit was filed. Other courts have held that the federal district courts lack jurisdiction to

4

hear a quiet title action against the government if the government has sold the subject property to a third party prior to the time plaintiff files suit. See Koehler v. United States, 153 F.3d 263, 267 (5th Cir. 1998), and cases cited therein.

However, the record in the pending case indicates that the government filed federal tax liens on all of appellants' property, and did not release these liens until it prepared a "Certificate of Release of Federal Tax Lien" on November 2, 1998, after the Kabakjians filed suit. See 26 U.S.C. S 6321 (providing for tax lien on all property of taxpayer after demand and refusal to pay tax); 26 U.S.C. S 6325 (providing for issuance of certificate of release of lien). The seizure of the property and sale to third parties, which took place before this suit was filed, did not purport to release the then-existing tax liens. The deed from the government to the third parties only purported to convey the interest of the Kabakjians in the property. It did not purport to convey the government's interest or release the federal tax liens on the property. The county real property records did not indicate that the lien on the property had been released until, after this suit was filed, the government prepared and filed its certificate of release of lien.

The existence of the federal tax liens, in our view, vested the district court with jurisdiction to hear the quiet title claim. This result is consistent with our decision in Aqua Bar & Lounge, Inc. v. United States, 539 F.2d 935 (3d Cir. 1976). There we held that the district court had jurisdiction to hear a quiet title case where the plaintiff claimed that the government had failed to comply with S 6335 procedural requirements when it seized and sold his personal property. Id. at 936, 939-40. The property in question was a liquor license. Id. at 936. We held that the suit was properly treated "as an action to quiet title to property on which the United States has a lien," and noted the existence of the tax lien at the time of the proceedings below. Id. at 937.

A related, thornier question is whether the district court retained jurisdiction after the government issued the certificate of release of tax lien on November 2, 1998. This release was issued after suit was filed but before the district court ruled on the government's motion to dismiss

5

count 1 and motion for summary judgment and entered a final judgment. We hold that the district court retained jurisdiction even after the government released the federal tax lien.

We have recognized as a general principle that jurisdiction is determined at the time the suit is filed. New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc., 101 F.3d 1492, 1503 (3d Cir. 1996). However, we noted in New Rock that this principle is most often recognized in diversity cases and "has been applied only rarely to federal question cases." Id. Even in diversity cases the rule admits to at least one exception, as 28 U.S.C. S 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Hence, a district court can sometimes, after suit is filed, permit the destruction of subject matter jurisdiction.

There is also a provision of the Quiet Title Act, 28 U.S.C. S 2409a, which gives us pause. This Act provides that "[t]he United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest." Id. S 2409a(a). The federal district courts have exclusive jurisdiction over actions brought underS 2409a. 28 U.S.C. S 1346(f). However, the Quiet Title Act goes on to provide:

> If the United States disclaims all interest in the real property or interest therein adverse to the plaintiff at any time prior to the actual commencement of the trial, which disclaimer is confirmed by order of the court, the jurisdiction of the district court shall cease  unless it has jurisdiction of the civil action or suit on ground other than and independent of the authority conferred by section 1346(f) of this title.

28 U.S.C. S 2409a(e) (emphasis added).

Subsection (e) of the Quiet Title Act can be read to provide that the government can, after suit is filed, sell the property in issue and thereby divest the district court of jurisdiction. Some courts have suggested otherwise,

6

although they discuss the Quiet Title Act generally without focusing on subsection (e). See Delta Sav. & Loan Ass'n v. IRS, 847 F.2d 248, 249 n.1 (5th Cir. 1988); Bank of Hemet v. United States, 643 F.2d 661, 664-65 (9th Cir. 1981).

Regardless, the Quiet Title Act is not applicable to the pending suit, since it expressly provides that it does not apply to "actions which may be or could have been brought under sections . . . 2410 of this title . . . ." 28 U.S.C. S 2409a(a). Both sides agree that S 2410 is applicable to the pending suit, as it applies to actions "to quiet title to . . . real or personal property on which the United States has or claims a mortgage or other lien." In this case, the government seized and sold the property in issue pursuant to a tax lien. Moreover, Congress chose, for whatever reason, to include subsection (e) in the Quiet Title Act and failed to include an analogous provision in S 2410, the more narrowly drawn statute. This is, we think, a case where "a precisely drawn, detailed statute pre-empts more general remedies." Brown v. General Servs. Admin., 425 U.S. 820, 834 (1976). We therefore follow the general rule for determining jurisdiction, and conclude that jurisdiction under S 2410 is determined by looking to the facts existing at the time the suit was filed. The government cannot thereafter divest the court of jurisdiction by selling the property in issue or releasing its lien on the property. See Kulawy v. United States, 917 F.2d 729, 733-34 (2d Cir. 1990) (holding that government cannot "oust the court of jurisdiction validly invoked" under S 2410 by selling the property on which it had a lien at the time suit was commenced).

2. Merits of Quiet Title Claim

Although we conclude that the district court had jurisdiction to hear the quiet title claim, we nevertheless hold that the claim was properly dismissed. We may affirm a judgment on any ground apparent from the record, even if the district court did not reach it. See Resolution Trust Corp. v. Fidelity and Deposit Co. of Maryland, 205 F.3d 615, 635 (3d Cir. 2000). Although there was a failure to comply with the notice requirements of 26 U.S.C. S 6335 because the Kabakjians received the required notices by certified mail rather than personal delivery, the record shows that

the Kabakjians received actual notice of the seizure and notice of the planned sale of the property. We hold that the notices were not so defective as to void the seizure of the property and its transfer to a third parties. Under 26 U.S.C. S 6339(b)(2), where a deed to real property conveys property seized under S 6335, such a deed operates as a conveyance of all the delinquent taxpayer's right, title and interest in the property so long as the proceedings "have been substantially in accordance with the provisions of law." The Kabakjians rely on Kulawy v. United States, 917 F.2d 729 (2d Cir. 1990) but that case involved the sale of personal property not covered by this substantial compliance provision.

Section 6339(b)(2) therefore provides that title transfers if there has been substantial compliance with the notice and other procedures set out in S 6335. The Kabakjians received actual notice under S 6335, and although the issue was joined below they failed to show that they were meaningfully prejudiced by receipt of the S 6335 notices by certified mail instead of personal delivery. For example, when Mr. Kabakjian was asked in his deposition how he was prejudiced by receipt of the notice of sale by mail rather than personal delivery, he answered that"[a]ny time a citizen's rights are denied they are being prejudiced." Mrs. Kabakjian testified that she agreed with the statement that she had "no independent information or claim for damages other than what your husband has told you." We hold that there was substantial compliance with S 6335, and that under 6339(b)(2), all title to the property once vested in the Kabakjians therefore transferred. Their quiet title claim therefore fails on the merits.

B. Claims for Damages

The Kabakjians sought money damages for the allegedly defective seizure and sale of their property. Again, they do not deny that they owed back taxes.

Under 26 U.S.C. S 7433(a), a cause of action lies where an IRS employee recklessly or intentionally disregards any provision of the Internal Revenue Code. Under S 7433(b), the taxpayer can recover his "actual, direct economic damages sustained" as a "proximate result" of an IRS employee's improper actions under S 7433(a).

The count 2 claim for damages is based on the alleged violations of S 6335. As discussed above, on December 11, 1995, the government sent by certified mail to the Kabakjians a notice of seizure of the property. On December 17, the IRS seized the property. On January 24, 1996, the government sent the Kabakjians by certified mail a notice of a sealed bid sale of the property, stating that the sale would take place February 23, 1996. There is no dispute that the Kabakjians received the notices. On February 23 the sale took place.

In this case no attempt at hand delivery of the notices was made, as required by S 6335. However, the purpose of the notice requirements was met, since the Kabakjians received actual notice. They did not show "actual, direct economic damages sustained" as a "proximate result" of the technical noncompliance with the statutory notice requirements. Accordingly summary judgment was properly granted on the money damages claim.

The judgment of the district court will be AFFIRMED.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit

9