

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-17-2003

# Oaks v. Philadelphia

Precedential or Non-Precedential: Non-Precedential

Docket 02-2772

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Oaks v. Philadelphia" (2003). *2003 Decisions.* Paper 737.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/737

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

————

No. 02-2772

————

VINCE E. OAKS,

<u>Appellant</u>

v.

CITY OF PHILADELPHIA

————

On Appeal from the United States District Court
for Eastern District of Pennsylvania
(D.C. civil No. 99-cv-02854)
District Judge:  Hon. R. Barclay Surrick

————

Submitted Under Third Circuit LAR 34.1(a)
March 13, 2003

Before:  SLOVITER, NYGAARD, and ALARCÓN,[*] <u>Circuit</u> <u>Judges</u>

( Filed: March 17, 2003)

————

<u>OPINION OF THE COURT</u>

ALARCÓN, <u>Circuit Judge</u>.

        Vince E. Oaks ("Oaks") appeals from the order granting summary judgment in favor

———————————

        [*]Hon. Arthur L. Alarcón, Senior Judge of the United States Court of Appeals for the
Ninth Circuit, sitting by designation.

of the City of Philadelphia ("City") and the denial of his motion for reconsideration. Oaks

brought this action against the City pursuant to 42 U.S.C. §§ 1981 and 1983. He alleged

that his termination following his arrest for assaulting his estranged girlfriend was the

result of the City's discriminatory policies or customs against African-American police

officers that allowed similarly situated white officers arrested for domestic abuse to avoid

termination. We conclude that the district court did not err in granting the City's motion

for summary judgment because Oaks failed to present facts showing that the alleged

discriminatory treatment was the result of the City's policies or customs.[1]

## I

Oaks contends "that under color of law the City of Philadelphia [] violated his rights

to make and enforce contracts under § 1981."[2] He prayed for damages pursuant to § 1983.

Oaks argues that the City has a custom of conducting racially discriminatory disciplinary

proceedings that is acquiesced in by City policymakers. He maintains that the district court

erred in granting summary judgment because it failed to analyze his claim pursuant to

Monell v. Department of Social Services, 436 U.S. 658 (1978), and Jett v. Dallas

---

[1]The district court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1334. We have jurisdiction pursuant to 28 U.S.C. § 1291.

[2]Section 1981 provides in pertinent part: "All persons within the jurisdiction of the United States shall have the same right in every State or Territory to make and enforce contracts . . . as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981(a) (2000).

Independent School District, 491 U.S. 701 (1989).[3]

As the Supreme Court did in Jett, we will subject Oaks's claim to a Monell analysis without first determining whether an actual § 1981 claim could be sustained by Oaks. See Jett, 491 U.S. at 711 ("we assume for purposes of these cases, without deciding, that petitioner's rights under § 1981 have been violated").

The Court has ruled "that the express action at law provided by § 1983 for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor." Jett, 491 U.S. at 735 (internal quotation marks omitted). "Thus to prevail in his claim for damages [against a state actor], [a claimant] must show that the violation of his right to make contracts protected by § 1981 was caused by a custom or policy within the meaning of Monell and subsequent cases." Id. at 735-36 (internal quotation marks omitted).

In Monell, the Supreme Court instructed

that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

---

[3]This court exercises plenary review of a district court's grant of summary judgment. Bailey v. United Airlines, 279 F.3d 194, 198 (3d Cir. 2002).

Monell, 436 U.S. at 694. The Court has determined that "only those municipal officials who have final policymaking authority may by their actions subject the government to § 1983 liability." St. Louis v. Praprotnik, 485 U.S. 112, 123 (1988) (citations and quotation marks omitted).

A discriminatory policy need not be caused by an affirmative act, but may occur "by acquiescence in a longstanding practice or custom which constitutes the 'standard operating procedure' of the local government entity." Jett, 491 U.S. at 737 (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 485 (1986) (White, J. concurring)). This court has held "'[a] course of conduct to be a 'custom' when, though not authorized by law, such practices . . . are so permanent and well-settled as to virtually constitute law.'" Robinson v. City of Pittsburgh, 120 F.3d 1286, 1296 (3d Cir. 1997) (quoting Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990)).

The City moved for summary judgment arguing that "[t]he Police Department's termination of plaintiff was based entirely on the Department's non-discriminatory policy of terminating all officers who are arrested and criminally charged, regardless of the outcome of the eventual criminal proceeding." It is undisputed that the City has such a "longstanding" policy.[4] The City contended that "[t]his rule is applied uniformly

---

[4]In his opposition to the City's motion for summary judgment, Oaks stated that "[t]he Police Department[] [has a] longstanding policy [that] officers who are arrested are automatically terminated."

irrespective of race."

In opposing the motion, Oaks presented a report prepared by the Mayor's Task Force on Police Discipline ("Task Force"). The Task Force's report states that it was "unable to locate any statistical evidence that would conclusively prove or disprove" the existence of a "custom" of discriminatory activity to which the City might have acquiesced. Oaks also offered the deposition of Ellen H. Ceisler ("Ceisler"), the Director of the Integrity and Accountability Office of the Philadelphia Police Department. Ms. Ceisler testified that there was a perception among some police officers that "race has a bearing on personnel decisions." She testified, however, that she had conducted "a ten year study of officers who had been fired from the department" and determined that "[t]here was nothing significant in terms of greater percentages" of departmental dismissals attributable to an officer's race. She also alleged that the City did not have custom of disparate treatment towards arrested officers. She stated that "[i]f you're arrested for a criminal charge, you're automatically dismissed" from the Philadelphia Police Department. Ms. Ceisler further asserted that, "I've never seen an exception" to this rule.[1]

Oaks failed to present any evidence showing that a City official with "final policy

---

[1]Oaks also submitted: newspapers and articles regarding accusations of discriminatory police disciplinary procedures; affidavits and depositions regarding his job performance and the circumstances of his arrest; and police directives regarding civil suits, release of information, and domestic abuse. None of these items demonstrates that the City had policies or customs that discriminated against African-American police officers.

making authority" authorized or acquiesced in a policy or custom in violation of §§ 1981 and 1983. This court has previously ruled that "[w]here, as here, the non-moving party bears the burden of proof at trial, summary judgment is appropriate if the non-movant[] fail[s] to 'make a showing sufficient to establish the existence of an element essential to [his or her] case.'" In re TMI, 89 F.3d 1106, 1116 (3d Cir. 1996) (quoting Nebraska v. Wyoming, 507 U.S. 584, 590 (1993)). Because Oaks has failed to demonstrate that the City had a policy or custom of discrimination against African-American police officers who are arrested for domestic abuse, the district court did not err in granting summary judgment in favor of the City.[2]

## II

Oaks asserts that the district court erred in denying his motion for reconsideration of the order granting summary judgment in favor of the City. He contends that the court's erroneous overturning of its previous order merging his §§ 1981 and 1983 claims, and its failure to apply Monell, were clear errors of law or manifest injustice. We have independently reviewed Oaks's §§ 1981 and 1983 claims pursuant to Monell. "We may

---

[2]We agree with the district court that Oaks's § 1981 claim also lacks merit under the analysis set forth by the Supreme Court in McDonald Douglas Corp. v. Green, 411 U.S. 792 (1973). To demonstrate discrimination on the basis of race, a complainant must present evidence that persons who did not belong to the same racial minority were treated differently. Id. at 802. Oaks has failed to demonstrate that a white police officer would have retained his employment under similar circumstances.

affirm a judgment on any ground apparent from the record, even if the district court did not reach it." <u>Kabakjian v. United States</u>, 267 F.3d 208, 213 (3d Cir. 2001). Because Oaks failed to demonstrate that there is a genuine issue of material fact in dispute, or that he is entitled to a judgment as a matter of law pursuant to Rule 56(c), the district court did not err as a matter of law nor did its order constitute manifest injustice.

Accordingly, we AFFIRM.

_____

TO THE CLERK:

Please file the preceding not precedential opinion.

<u>/s/Arthur L. Alarcón</u>
Circuit Judge