

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-25-2009

# USA v. Schiaffino

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3329

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Schiaffino" (2009). *2009 Decisions.* Paper 1696.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1696

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-3329

UNITED STATES OF AMERICA

v.

JOSEPH P. SCHIAFFINO,
                                        Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 07-cv-02194)
District Judge:  Honorable Robert F. Kelly

Submitted Pursuant to Third Circuit LAR 34.1(a) April 21, 2008
Sur Panel Rehearing Submitted July 2, 2008

Before: AMBRO, FUENTES and FISHER, Circuit Judges

(Opinion filed: March 25, 2009)

OPINION

PER CURIAM

        Joseph P. Schiaffino appeals from the District Court's orders that denied his motion to

remand this matter to state court and granted the motion to dismiss filed by the United States.

We will affirm in part, vacate in part, and remand to the District Court for further proceedings

consistent with this opinion.

Schiaffino alleges that he received a Notice of Federal Tax Lien from the Internal Revenue Service ("IRS") in 2005. He also alleges that he immediately challenged the validity of the tax lien by "filing" an "Affidavit of Non-Liability" and sending a "Presumptive Notice" and an "Affidavit of Truth" to the two IRS agents who had signed the Notice. After receiving no response, he filed a "Petition for Rule to Show Cause" in the Court of Common Pleas of Bucks County, requesting that the court direct the United States to show cause why the tax lien "should not be nullified and removed from the Court's records." The United States removed the Petition for Rule to Show Cause to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1442(a)(1). The United States then filed a motion to dismiss the petition for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Schiaffino did not file a response in opposition to that motion. Instead, he filed a motion to remand the matter to state court, in which he challenged the removal procedures followed by the United States.

By order entered on July 5, 2007, the District Court granted the motion to dismiss for lack of subject matter jurisdiction. The District Court also issued a separate order denying the motion to remand the matter to state court. Schiaffino appeals from those orders. We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. Our review is plenary. Umland v. PLANCO Financial Services, 542 F.3d 59, 63 (3d Cir. 2008).

Schiaffino argues on appeal that this matter was improperly removed because the United States was designated as the plaintiff in the state court action and, therefore, lacked authority to remove this matter to the District Court. The manner in which the parties were identified in the state court caption is not relevant to the question whether the Petition for Rule to Show Cause

2

was properly removed to the District Court.[1]  It is clear from the petition that Schiaffino filed in state court that he is contesting the validity of a federal tax lien.  The United States properly removed the Petition for Rule to Show Cause to the District Court under 28 U.S.C. § 1442(a)(1).

The question we confront, then, is whether the District Court erred in dismissing Schiaffino's Petition for Rule to Show Cause.  The United States argues that the District Court properly dismissed the case on the basis of the government's sovereign immunity.  It is well established that the United States may not be sued without its consent.  United States v. Mitchell, 445 U.S. 535, 538 (1980) (citing United States v. Sherwood, 312 U.S. 584, 586 (1941)).  A party suing the federal government bears the burden of establishing that the United States has unequivocally waived its immunity from suit.  Baker v. United States, 817 F.2d 560, 562 (9th Cir. 1987), cert. denied, 487 U.S. 1204 (1988).

In his Petition for Rule to Show Cause, Schiaffino asserts a denial of his due process rights in connection with the filing of the notice of federal tax lien.  We have held that 28 U.S.C. § 2410 constitutes a waiver of sovereign immunity to an action brought by a taxpayer against the United States challenging the validity of a federal tax lien, provided that the plaintiff refrains from collaterally attacking the merits of the tax assessment.[2]  Aqua Bar & Lounge v. United

---

[1]Schiaffino may have identified the parties as he did in his "Petition for Rule to Show Cause" because he views himself as the "defendant" in state court based upon the filing of the notice of federal tax lien in that court.

[2]Because of this waiver of sovereign immunity, we determined that the District Court had jurisdiction to hear the action, which had been brought in the District Court, under § 2410 in combination with 28 U.S.C. § 1340.  539 F.2d at 940.  Section 1340 provides the district courts with "original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue."

3

States, 539 F.2d 935, 939-40 (3d Cir. 1976); see also Kabakjian v. United States, 267 F.3d 208, 211-12 (3d Cir. 2001) (existence of federal tax liens vested district court with jurisdiction under § 2410 to hear quiet title claim). Section 2410(a) provides that the United States may be named a party "in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter – (1) to quiet title to, (2) to foreclose a mortgage or other lien upon, (3) to partition, (4) to condemn, . . . real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410(a). As his claim appears to fall within the types of actions included in § 2410(a), Schiaffino's Petition for Rule to Show Cause arguably seeks relief under that statute.[3] On the record before us, we can not say that the District Court properly dismissed this *pro se* matter on the basis of sovereign immunity. Accordingly, we will remand this matter for further consideration of the question of sovereign immunity and, if necessary, a determination whether the state court had subject matter jurisdiction. See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999) ("Steel Co. [v. Citizens for a Better Environment, 523 U.S. 83 (1998)] does not dictate a sequencing of jurisdictional issues."). If the District Court determines upon remand that consideration of Schiaffino's Petition for Rule to Show Cause is barred by sovereign immunity, the District Court must dismiss the petition.[4] Stapleton v. $2,438,110, 454 F.2d 1210, 1218 (3d Cir.), cert. denied, 409 U.S. 894 (1972).

Having concluded that removal under § 1442(a) was proper, we will affirm the District

---

[3]In reaching this conclusion, we were mindful that *pro se* filings are to be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972). We express no opinion as to whether Schiaffino's petition meets the requirements in § 2410(b).

[4]We do not suggest that § 2410 is the sole statute upon which a waiver of sovereign immunity could be predicated, leaving that issue for the parties and the District Court on remand.

4

Court's order that denied Schiaffino's motion to remand.  As it appears that this matter may not be barred by sovereign immunity, we will vacate the District Court's order granting the motion to dismiss filed by the United States and will remand for further proceedings consistent with this opinion.