**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2107
_____

UNITED STATES OF AMERICA

v.

FREDERICK H. BANKS,
                              Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 04-cr-00176-001)
District Judge:  Honorable Joy Flowers Conti
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 1, 2011

Before: AMBRO, CHAGARES and STAPLETON, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 11, 2011)

_____

OPINION
_____

PER CURIAM

      Frederick H. Banks appeals from an order[1] of the United States District Court for the Western District of Pennsylvania, which denied his "Motion to Modify Special Assessment and Restitution for Changed Circumstances" for lack of jurisdiction. For the reasons that follow, we will affirm.

      In 2007, the District Court entered an amended judgment in Banks' criminal case. The judgment ordered, inter alia, that Banks pay an $800 assessment and $15,100 in restitution. Docket #508, page 5. The page of the judgment entitled "Schedule of Payments" indicates:

> Defendant shall participate in the Bureau of Prisons' Inmate Financial Responsibility Program, whereb [sic] 50 percent of his prison salary shall be applied to the restitution which shall be paid to the victims in proportion to their losses. Following his release from the Bureau of Prisons' custody, the balance of the restitution shall be paid as a condition of supervised release.

Docket #508, page 6 of 6. Banks' motion stated that he "cannot meet his obligation to pay the special assessment or restitution while he is imprisoned." The motion stated that he "does not make any money from his current prison job," and that he is "not paid at

---

[1] The Notice of Appeal filed by Banks lists two orders: the one denying his motion to modify his restitution order; and another denying his "Motion for Conditions of Confinement Relief." Banks did not contest the latter order at all in his brief on appeal. Any challenge to that order would ordinarily be waived. F.D.I.C. v. Deglau, 207 F.3d 153, 169-70 (3d Cir. 2000). However, in case Banks was misled by our order directing the parties to address certain issues in their briefs, we note that we would in any event affirm the District Court's order denying his Motion for Conditions of Confinement Relief. We agree with the District Court that a motion filed in his criminal case was not the proper vehicle for raising the claims about prison conditions contained in that motion. References in the remainder of this opinion to Banks' "motion" pertain to his "Motion to

2

all." The motion argued first that the restitution order improperly delegated authority to the Bureau of Prisons ("BOP") to set a payment schedule, and noted that the BOP requires him to pay $25.00 per quarter. The motion also asked the District Court to modify the schedule pursuant to 18 U.S.C. § 3572(d)(3), so that Banks would pay $0.00 per month while he is incarcerated.

The District Court held that it lacked jurisdiction to consider the motion to modify restitution, as it was a challenge to payments Banks was required to make under the Bureau of Prisons' Inmate Financial Responsibility Program ("IFRP"). The Court stated that Banks needed to exhaust administrative remedies and then file a petition pursuant to 28 U.S.C. § 2241 in the district of his confinement.[2] The District Court declined to entertain Banks' claim that it had impermissibly delegated its authority to the BOP in violation of United States v. Corley, 500 F.3d 210 (3d Cir. 2007), vacated on other grounds, 129 S. Ct. 1558 (2009), as Banks had failed to develop the argument.[3] Banks timely appealed. We asked the parties to address in their briefs whether the District Court erred in dismissing Banks' motion for lack of jurisdiction.

---

Modify Special Assessment and Restitution for Changed Circumstances."
    [2] Banks was incarcerated in Missouri at the time of the order.

    [3] In Corley, this Court held that a judgment that stated, "The defendant shall make restitution and fine payments from any wages he may earn in prison in accordance with the Bureau of Prisons Inmate Financial Responsibility Program," and stated "[t]he restitution and fine shall be due immediately," impermissibly delegated to the BOP the District Court's statutory responsibility under 18 U.S.C. § 3664(f)(2) to set a payment schedule if the defendant cannot afford to immediately pay restitution in full. Corley, 500 F.3d at 227.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We may affirm the District Court on grounds other than those relied on by the District Court. Kabakjian v. United States, 267 F.3d 208, 213 (3d Cir.2001). We discern three possible aspects to Banks' motion: (1) an attempt to challenge the restitution payment schedule ordered by the Court; (2) an attempt to challenge the overall validity of the court-imposed restitution order; and (3) an attempt to challenge the payments required by the IFRP program.

To the extent Banks attempted to challenge the restitution payment schedule imposed by the District Court, the Court had jurisdiction to modify the payment schedule if there had been "any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k); United States v. Jaffe, 417 F.3d 259, 267 (2d Cir. 2005) (district court retains jurisdiction to amend or adjust restitution order if there is any material change in defendant's economic circumstances).[4] Although the District Court may have erred by failing to recognize that it potentially had jurisdiction, any error is without consequence, as Banks failed to show that there had been a "material change" in his "economic circumstances." Banks'

_____

[4] Banks cited 18 U.S.C. § 3572(d)(3) as authority for allowing the court to adjust the payment schedule. While, as Appellees point out, that provision refers to a "fine," and Banks was seeking modification for payment of restitution, "the [Mandatory Victims Restitution Act] provides that 'all provisions of [§ 3664(m)(1)(A)] are available to the United States for the enforcement of an order of restitution,' 18 U.S.C. § 3613(f), and § 3664(m)(1)(A) provides that an order of restitution may be enforced in the same manner as a fine." United States v. Hyde, 497 F.3d 103, 108 n.9 (1st Cir. 2007). However, as section 3664(k) refers specifically to modification of a restitution order, the District Court could have construed Banks' motion as seeking relief pursuant to that

incarceration and inability to earn much money in prison was certainly contemplated by the District Court when it crafted its payment schedule. Indeed, the provision that Banks will pay "50 percent of his prison salary" takes into consideration possible fluctuations in prison salary. Banks has not shown that his economic circumstances have materially changed from those that the District Court anticipated at sentencing.[5]

To the extent Banks attempted to challenge the overall validity of the District Court's restitution order, such a challenge should have been made on direct appeal. The limited jurisdiction conferred by section 3664(k) does not encompass an attack on the overall validity of a restitution order.

To the extent that Banks attempted to challenge the payments he is required to make through the IFRP, we agree with the District Court that the proper vehicle for such a challenge is a petition under 28 U.S.C. § 2241 filed in the district where his sentence is being carried out. McGee v. Martinez, 627 F.3d 933, 937 (3d Cir. 2010).

For the foregoing reasons, we will affirm the District Court's judgment.

---

section.

[5] Some simple arithmetic reinforces the District Court's conclusion that Banks was in fact challenging the payments he is required to make under the IFRP, rather than the payment schedule set by District Court's restitution order. Under the District Court's schedule, Banks is required to pay 50% of any prison salary. If Banks is currently "not paid at all," his required 50% payment would be zero. It thus appears that Banks is in reality challenging the payments required under the IFRP.