**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1414
_____

UNITED STATES OF AMERICA

v.

FREDERICK H. BANKS,
                              Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 03-cr-245)
District Judge:  Honorable Nora Barry Fischer
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 3, 2011

Before:  SCIRICA, SMITH and VANASKIE, Circuit Judges

(Opinion filed: June 6, 2011 )

_____

OPINION
_____

PER CURIAM

Frederick H. Banks appeals from an order of the United States District Court for

the Western District of Pennsylvania, which denied his "Motion to Modify Special

Assessment and Restitution for Changed Circumstances" for lack of jurisdiction.  For the

1

reasons that follow, we will affirm.

## I.

In October 2004, a federal jury found Banks guilty of mail fraud, criminal copyright infringement, uttering and possessing counterfeit or forged securities, and witness tampering. These charges stemmed from Banks' sales of illegally copied ("pirated") versions of copyrighted Microsoft software products through an Internet marketplace website, Amazon.com. The District Court subsequently sentenced Banks to sixty months of imprisonment, to be followed by three years of supervised release. The Court also imposed restitution in the sum of $70,708.59, and a special assessment of $700.00, see 18 U.S.C. § 3013. This Court affirmed the judgment and sentence, United States v. Vampire Nation, 451 F.3d 189 (3d Cir. 2006), and the United States Supreme Court denied Banks' petition for certiorari, Banks v. United States, 127 S. Ct. 424 (2006).

On December 15, 2009, Banks filed a motion asking the District Court to modify his financial obligations pursuant to 18 U.S.C. § 3572(d). Banks claimed that he was no longer able to pay the special assessment or restitution because he does not earn sufficient income in prison, and asked the Court to "set a payment schedule of $0.00 per month." (Supplemental Appendix "SA" at 1.) The government opposed the motion on the grounds that: (1) the District Court lacked authority under section 3572(d) to modify the special assessment or restitution; and (2) even if it did have authority to do so, modification was not warranted under the "economic hardship" provision of § 3572(d). The District Court denied the motion, agreeing with the government that it lacked authority to modify the special assessment or restitution order imposed as a part of the

2

judgment in his case. The Court further noted that even if it had jurisdiction to modify the assessment, it would deny the motion because Banks' alleged change in economic circumstances was self-induced. Banks filed a timely appeal.

## II.

We have jurisdiction to review the District Court's order pursuant to 28 U.S.C. § 1291.[1] We may affirm the District Court on grounds other than those relied on by the District Court. Kabakjian v. United States, 267 F.3d 208, 213 (3d Cir. 2001).

Banks argues that the District Court erred in determining that it lacked jurisdiction to modify the order of restitution or special assessment imposed in his case. Indeed, a court has jurisdiction to modify a payment schedule if there has been "any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k); United States v. Jaffe, 417 F.3d 259, 267 (2d Cir. 2005) (district court retains jurisdiction to amend or adjust restitution order if there is any material change in defendant's economic circumstances).[2]

---

[1] We do not have jurisdiction, however, to review the District Court's Order denying Banks' motion for reconsideration, which he filed in the District Court contemporaneously with his notice of appeal, because Banks did not file a notice of appeal from that Order.

[2] Banks cited 18 U.S.C. § 3572(d)(3) as authority for allowing the court to adjust the payment schedule. While, as Appellee points out, that provision refers to a "fine," and Banks was seeking modification of an order of restitution, "the [Mandatory Victims Restitution Act] provides that 'all provisions of [§ 3664(m)(1)(A)] are available to the United States for the enforcement of an order of restitution,' 18 U.S.C. § 3613(f), and § 3664(m)(1)(A) provides that an order of restitution may be enforced in the same manner as a fine." United States v. Hyde, 497 F.3d 103, 108 n.9 (1st Cir. 2007). However, as section 3664(k) refers specifically to modification of a restitution order, the District Court could have construed Banks' motion as seeking relief pursuant to that section.

Here, although the District Court may have erred by failing to recognize that it potentially had jurisdiction to entertain Banks' motion, any error is without consequence, as Banks failed to show that there had been a "material change" in his "economic circumstances."  As the District Court noted, at the time that Banks filed his motion in December 2009, he held a prison job. (SA at 41.)  At that time, Banks had not received income since September 2009, however, because he had not been reporting to work. (Id.) Because Banks has not provided any records contradicting the information provided by the Bureau of Prisons, we agree with the District Court that any change in Banks' economic circumstances was self-induced and hardly constitutes a material change in economic circumstances.

To the extent that Banks also attempted to challenge in the District Court the overall validity of the District Court's restitution order, the limited jurisdiction conferred by section 3664(k) does not encompass an attack on the overall validity of a restitution order.  Cf. Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002) (a motion to suspend the payment of a fine is not the "proper vehicle" for bringing such a claim).

For the foregoing reasons, we will affirm the District Court's judgment.