**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT
_____

No. 12-1574
_____

KEITH M. CULLER,
                    *Appellant*

v.

SECRETARY OF UNITED STATES VETERANS AFFAIRS

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(Civil Action No: 3:09-cv-00305)
United States Magistrate Judge Malachy E. Mannion
_____

Submitted Under Third Circuit LAR 34.1(a)

December 18, 2012

Before: MCKEE, Chief Judge, SLOVITER, and VANASKIE, Circuit Judges

(Filed: December 20, 2012)

OPINION

SLOVITER, Circuit Judge.

Keith M. Culler appeals two orders of the Magistrate Judge[1] filed in an employment discrimination suit that Culler brought under the federal-sector provisions of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 633a (2006), against his former employer, the United States Secretary of Veterans Affairs ("the VA"): the first dismissing his hostile work environment claim pursuant to a Rule 12(c) motion for judgment on the pleadings, and the second granting summary judgment for the VA on his claim of retaliation.

For the reasons that follow, we will affirm the orders of the Magistrate Judge.

## I. Background and Procedural History

Culler was employed as an orthotist[2] by the VA for more than thirty years. From 1998 to 2007, he worked at the Wikes-Barre VA Medical Center ("the VAMC"), where, in 2001, Antoinette Germain-Tudgay became his supervisor. In 2004, the VAMC closed its Orthotic/Prosthetic Laboratory and downgraded Culler's position from "GS-11 Orthotist/Prosthetist" to "GS-10 Orthotist." App. at 107-08. Culler, who was born in 1954, filed a complaint with the VA's Equal Employment Opportunity ("EEO") office, alleging that the demotion constituted discrimination on the basis of his age. An Equal Employment Opportunity Commission Administrative Judge ultimately granted summary judgment in favor of the VA.

---

[1] The parties consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c) (2006).

[2] A healthcare professional trained in orthotic and prosthetic care.

In 2006, Culler filed a second EEO complaint, alleging retaliation and further age discrimination. According to his complaint, Germain-Tudgay had denied requests for training and leave, denied him assistance in pursuing professional certification, removed equipment and patient records from his work area, attempted to inaccurately revise his job description, inappropriately suspended him, and refused to pay him overtime. In correspondence with the EEO office, Culler's counsel explained that Culler was alleging that the incidents, in combination, evidenced a hostile work environment. The EEO officer responded that "the evidence, as presented, does not constitute a continuing violation." App. at 147. Analyzing the incidents as discrete claims, the EEO officer found most to be time-barred. It is unclear from the record how the remaining claims were resolved.

Culler's third and fourth EEO complaints alleged that he was subject to further retaliation when the VA revoked permission to attend a training and when Germain-Tudgay provided negative career references. The record does not document how the complaints were resolved.

In 2009, Culler filed suit in federal court. His amended complaint presented three claims. Count I alleged age discrimination and retaliation in violation of the ADEA on the basis of the incidents raised in his EEO complaints. Count II alleged retaliation against protected expression in violation of the First Amendment. Count III alleged a discriminatory and retaliatory hostile work environment in violation of the ADEA. The Magistrate Judge granted the VA's Rule 12(c) motion for judgment on the pleadings with respect to Counts II and III, as well as several of the incidents included in Count I. All

3

but one of the remaining Count I claims were dismissed by summary judgment. The Magistrate Judge dismissed the last claim following a bench trial and entered final judgment for the VA. Culler timely appealed.

Culler now raises two issues: (1) whether the Magistrate Judge erred in dismissing his hostile work environment claim (Count III) on the pleadings, and (2) whether the Magistrate Judge erred in granting summary judgment for the VA with respect to the Count I claim of retaliation. We have jurisdiction under 28 U.S.C. § 1291 (2006).

## II. Analysis

### A. *Hostile Work Environment*

Our review of a Rule 12(c) dismissal is plenary. *See Knepper v. Rite Aid Corp.*, 675 F.3d 249, 257 (3d Cir. 2012). We affirm "only if, viewing all the facts in the light most favorable to the nonmoving party, no material issue of fact remains and the moving party is entitled to judgment as a matter of law." *Id*. We "may affirm a judgment on any ground apparent from the record, even if the district court did not reach it." *Kabakjian v. United States*, 267 F.3d 208, 213 (3d Cir. 2001).[3]

The Magistrate Judge dismissed Count III on the basis that Culler failed to exhaust administrative remedies because his claims "were not filed as a hostile work environment

---

[3] We note that this court has yet to decide whether a hostile work environment claim is cognizable under the ADEA. For now we assume, without deciding, that it is and that "[t]he analysis of the hostile working environment theory of discrimination is the same under the ADEA as it is under Title VII." *Brennan v. Metro. Opera Ass'n, Inc.*, 192 F.3d 310, 318 (2d Cir. 1999).

claim at the administrative level." App. at 12. This was error. Regardless of whether Culler formally filed a hostile work environment claim at the administrative level, which is disputed, the claim was "fairly within the scope of the prior EEOC complaint[s], or the investigation arising therefrom." *Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir. 1984) (per curiam). We nonetheless affirm, however, because Culler's allegations presented no material issue of fact, and the VA was entitled to judgment as a matter of law. [4]

To prevail on a hostile work environment claim, a plaintiff must show that his workplace was "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002) (internal quotation marks omitted). The discrimination must be "because of" the employee's protected status or activity. *Andreoli v. Gates*, 482 F.3d 641, 643 (3d Cir. 2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570,

---

[4] The Magistrate Judge also justified the dismissal on the grounds that "the plaintiff does not challenge the defendant's contention that the acts claimed by the plaintiff constitute 'discrete acts,' each of which must be presented to an EEO counselor within 45 days." App. at 12 (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 (2002) (holding that each discrete act of discrimination triggers its own time limit for filing suit, whereas hostile work environment claim is timely if "at least one [contributing] act falls within the time period")). The record discloses no concession by Culler, however, that he pled only discrete acts rather than a hostile work environment. We decline to parse the Magistrate Judge's reasoning further, since it is not necessary to our holding.

570 (2007)). That requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Culler fell within the ADEA's protected class of people over forty years of age, 29 U.S.C. § 631(a) (2006), and had engaged in protected activity by filing ADEA complaints with the EEO office. *See Gomez–Perez v. Potter*, 553 U.S. 474, 491 (2008) (establishing that the ADEA federal-sector provision, 29 U.S.C. § 633a(a), prohibits retaliation against federal employees who complain of age discrimination). Accepting all of Culler's factual allegations as true, however, no reasonable jury could take them to show that the VAMC was "permeated with discriminatory intimidation, ridicule, and insult." *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 65 (1993) (internal quotation marks omitted). The alleged incidents illustrate workplace conflict over the laboratory closure and Culler's demotion rather than intimidation, ridicule, and insult. To the extent that some incidents might include an element of intimidation (confrontations over job descriptions, for example) or insult (removing records and equipment from Culler's work area), they were not pervasive.

Furthermore, Culler alleged no facts to support an inference that Germain-Tudgay targeted him because of his age or prior EEO complaints. The only time that Germain-Tudgay mentioned his age, according to the complaint, was when, "during travel by automobile, Plaintiff was subjected to unlawful age-related discussions." App. at 51. The complaint does not specify the content of the "discussions," provide any fact to support the conclusion that they were unlawful, or link them to other events. Nor does the complaint offer support for an inference of retaliation, beyond its temporal sequence.

6

"[T]he timing of the alleged retaliatory action must be unusually suggestive of retaliatory motive before a causal link [to the employee's protected activity] will be inferred." *Williams v. Phila. Hous. Auth. Police Dept.*, 380 F.3d 751, 760 (3d Cir. 2004) (citations omitted). The timing of Germain-Tudgay's conduct was not unusually suggestive of retaliation. Culler's complaint thus fails to allege evidence of a causal link between his age or EEO filings and Germain-Tudgay's actions, and so fails to make out the elements of a discriminatory or retaliatory ADEA hostile work environment claim.[5]

### B. Retaliation

Culler also argues that the Magistrate Judge erred in granting summary judgment to the VA on his claim that Germain-Tudgay retaliated against his EEO activity by denying him "certification assistance." App. at 68. We review an order granting summary judgment *de novo*, drawing all reasonable inferences in favor of the nonmoving party. *See MBIA Ins. Corp. v. Royal Indem. Co.*, 426 F.3d 204, 209 (3d Cir. 2005). Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

---

[5] A plaintiff is generally entitled to notice before a claim is dismissed with prejudice for failure to state a claim, so that he may have an opportunity to amend the complaint. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). In this case, however, the facts relevant to Culler's claim have already been extensively developed in administrative proceedings and discovery prior to summary judgment on Count I, and we conclude that amendment would be futile. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (noting that courts need not grant leave to amend where amendment would be futile, and explaining concept of "futility").

To make out a prima facie ADEA retaliation claim, the plaintiff must show "(1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *Fogleman v. Mercy Hosp., Inc.*, 283 F.3d 561, 567 (3d Cir. 2002). Culler argues that the Magistrate Judge erred in finding that Germain-Tudgay's alleged conduct fell short of an adverse action. Even if we agreed with Culler that there was an adverse employment action, the error would be immaterial because Culler provided no evidence of a "causal connection" between Germain-Tudgay's conduct, i.e. the denial of certification assistance, and Culler's prior EEO filings. The temporal sequence alone, as discussed above, is insufficient. *See Williams v. Phila. Hous. Auth. Police Dep't*, 380 F.3d 751, 760 (3d Cir. 2004) (holding that two-month gap between protected activity and adverse employment action was not unusually suggestive of retaliation). In his deposition, furthermore, Culler explicitly testified that he could not assign Germain-Tudgay a specific motive:

> [The incidents] started almost immediately from the time she was supervisor. And, you know, like I say, the age is part of it. It could be gender, it could be, you know, any number of really [sic] reasons. I can't really truly state what was in her mind and why she decided to take all these negative actions against me, you know.

App. at 244-45. Because Culler provided no evidence that the "denial of certification assistance" was motivated by retaliatory animus, he failed to make a prima facie case of retaliation under the ADEA and summary judgment was proper.

### III. Conclusion

For the foregoing reasons, we conclude that the Magistrate Judge properly dismissed Culler's hostile work environment claim and properly granted summary judgment for the VA on his claim of retaliation. We will thus affirm the orders of the Magistrate Judge.