**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1953
_____

DETLEF F. HARTMANN,

Appellant

v.

WARDEN THOMAS CARROLL;
DAVID PIERCE; IHOMA CHUKS

On Appeal from the United States District Court
for the District of Delaware
(D. C. No. 1-06-cv-00340)
District Judge:  Honorable Sue L. Robinson

Argued on April 7, 2014

Before:  AMBRO, STAPLETON and ROTH, <u>Circuit Judges</u>

(Opinion filed: November 14, 2014)

Tiantong Wen, Esquire **(Argued)**
University of Pennsylvania Law School
Gittis Center for Legal Studies
3501 Sansom Street
Philadelphia, PA 19104

Michael S. Doluisio, Esquire
Dechert
2929 Arch Street
18th Floor, Cira Center
Philadelphia, PA 19104

Counsel for Appellant

James E. Drnec, Esquire
Nathan M. Trexler, Esquire **(Argued)**
Balick & Balick
711 King Street
Wilmington, DE 19801

Counsel for Appellee Ihoma Chucks

Devera B. Scott, Esquire     **(Argued)**
Delaware Department of Justice
102 West Water Street
3rd Floor
Dover, DE 19904

Dennis R. Spivack, Esquire
Delaware Department of Justice
820 North French Street
Carvel Office Building, 6th Floor
Wilmington, DE 19801

Counsel for Appellees Thomas Carroll
and David Pierce

––––––––––

O P I N I O N[*]

––––––––––

**ROTH**, Circuit Judge:

Plaintiff Detlef F. Hartmann, a prisoner seeking redress under 42 U.S.C. § 1983

for purported abridgements of his constitutional rights while in custody, appeals the

––––––––––

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

District Court's March 12, 2013, order granting summary judgment in favor of the defendants. For the following reasons, we will affirm the District Court's decision.[1]

## I. Background

On May 24, 2006, Hartmann, a resident of the James T. Vaughn Correctional Center in Smyrna, Delaware, filed a pro se lawsuit, under § 1983, against myriad present and former state officeholders, prison officials, and contractors providing medical care to prisoners.[2] All but three of Hartmann's claims concerning purported violations of his constitutional rights while in custody were dismissed as insufficiently pled. By the summary judgment stage, only three defendants—Vaughn's warden, Thomas Carroll; deputy warden, David Pierce; and an employee of the contractor responsible for Vaughn inmates' healthcare, Ihoma Chuks[3]—remained.

The District Court granted summary judgment in favor of Carroll, Pierce, and Chuks on June 28, 2010, because there was insufficient evidence that "the defendants had any personal involvement in the alleged constitutional violations." We reversed the District Court's decision and remanded for the District Court to assess Hartmann's competence under Federal Rule of Civil Procedure 17(c) and to determine whether counsel or a guardian ad litem should be appointed on his behalf. *See Powell v. Symons*,

---

[1] We express our appreciation to counsel Michael S. Doluisio and Karen C. Daly, of Dechert LLP, who undertook Hartmann's appellate representation pro bono, and to law student Tiantong Wen, who argued very proficiently on Hartmann's behalf.
[2] Hartmann also named as defendants the unidentified "Director of State Public Libraries" and the Delaware Center for Justice.
[3] Chuks' forename is alternatively spelled "Ihuoma" in certain filings, but for consistency's sake, we adopt the spelling which appears in the case caption and each of the District Court orders at issue in this appeal.

680 F.3d 301, 310 (3d Cir. 2012). On remand, the District Court determined that

Hartmann was neither incompetent, for purposes of Rule 17(c), nor entitled to the

appointment of counsel. Thereafter, the District Court again granted the defendants'

summary judgment motion. In appealing the District Court's latter grant of summary

judgment, Hartmann seeks review of the District Court's Rule 17(c) analysis and denial

of counsel.[4]

## II.     Analysis

We review for abuse of discretion a lower court's decision to appoint counsel on

behalf of a pro se civil litigant as well as its assessment of the litigant's competence,

under Rule 17(c), and concomitant appointment or denial of a guardian ad litem. *See*

*Powell*, 680 F.3d at 306 (citing *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002)

---

[4] Notwithstanding Hartmann's failure to mention explicitly in his Notice of Appeal the District Court's August 2012 order finding Hartmann competent and denying counsel, we maintain jurisdiction over Hartmann's appeal. "Notices of appeal, especially those filed pro se, are liberally construed, and we can exercise jurisdiction over orders not specified in a notice of appeal if '(1) there is a connection between the specified and unspecified orders; (2) the intention to appeal the unspecified order is apparent; and (3) the opposing party is not prejudiced and has a full opportunity to brief the issues.'" *Powell*, 680 F.3d at 306 n.2 (quoting *Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 184 (3d Cir. 2010) (quotation marks and citation omitted)).

As in *Powell*, those requirements are clearly met here. Not only did Hartmann continually address the District Court's competence finding throughout summary judgment briefing, but in its order granting summary judgment, the District Court itself referred to Hartmann's "conten[tion] that he is not capable and competent to do this legal case." Hartmann's requests for a mental health evaluation and evidentiary hearing, made *after* the District Court's August 2012 order adjudging Hartmann competent and denying him counsel, further evince Hartmann's intent to appeal that order. Moreover, the defendants are not prejudiced by our exercise of appellate jurisdiction and have had a full opportunity to brief the issues related to the August 2012 order, especially in light of our order entered September 6, 2013, directing counsel to address "whether the District Court abused or acted within its discretion in determining that [Hartmann] is competent under Rule 17(c) . . . without holding a hearing or otherwise."

4

(appointment of counsel); *Gardner ex rel. Gardner v. Parson*, 874 F.2d 131, 140 (3d Cir. 1989) (Rule 17(c))).

The District Court did not abuse its discretion in finding Hartmann competent under Rule 17(c) (and therefore declining to appoint a guardian ad litem), or in declining to appoint counsel. Unlike in *Powell*, 680 F.3d at 308, where we held that the trial court's failure to appoint a representative or counsel in the face of an incapacity claim "so amply supported in the record" constituted abuse of discretion, here we are presented with no factual basis on which Hartmann's claims may succeed. While we acknowledge it is often helpful for pro se litigants to enjoy the assistance of counsel, our case law does not command as much when such appointment would prove an exercise in futility. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) ("[B]efore the court is justified in exercising its discretion in favor of appointment, it must first appear that the claim has some merit in fact and law.") (quoting *Maclin v. Freake*, 650 F.2d 885, 887 (7th Cir. 1981) (per curiam)) (internal quotation marks and citation omitted).

Here, the District Court proceeded to a multi-factorial evaluation of Hartmann's counsel request merely because "some issues survived dismissal and discovery is complete." But our precedent demands a more rigorous threshold inquiry. A trial court contemplating appointment of a representative or counsel in a civil case must first find "that the plaintiff's claim has arguable merit *in fact and law*." *Tabron*, 6 F.3d at 155 (emphasis added); *see also Powell*, 680 F.3d at 308 n.5.

Hartmann's claims are devoid of any factual or legal basis. In the entire course of this long-running litigation, Hartmann has cited but one factual nexus linking the

5

defendants and the purported abridgement of Hartmann's constitutional rights: his own submission of grievances to Carroll and Pierce after the alleged occurrence of the complained-of deprivations, evidence plainly insufficient to establish a § 1983 defendant's personal involvement.[5] Otherwise, Hartmann's claims are predicated solely on the operation of *respondeat superior* and fail to allege the defendants' "personal involvement in the alleged wrongs," as required. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Accordingly, Hartmann has failed to establish that his claims have "arguable merit in fact and law," without which even the most competent counsel would be hard-pressed to accomplish a non-frivolous representation.[6]

## III.   Conclusion

For the foregoing reasons, we will affirm the District Court's denial of counsel and of a guardian ad litem, and will affirm the District Court's grant of summary judgment in favor of the defendants.

---

[5] As to Chuks, Hartmann has provided no evidence of personal involvement whatsoever.
[6] Insofar as our affirmance rests on grounds different from those on which the District Court relied, we reiterate our prerogative to do so. *See, e.g.*, *In re Mushroom Transp. Co.*, 382 F.3d 325, 344 (3d Cir. 2004); *Kabakjian v. United States*, 267 F.3d 208, 213 (3d Cir. 2001).